**Gurnam Kang SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73459.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 23, 2004.

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Dana J. Martin, Attorney, Mark B. Stern, Esq., Linda S. Wernery, Esq., Thankful T. Vanderstar, United States Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gurnam Kang Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

■ Substantial evidence supports the IJ's decision. Singh's testimony was contradictory and inconsistent with his written declaration and supporting documentation concerning, *inter alia*, the year he joined the All India Sikh Student Federation, was admitted to the medical clinic, and had the first encounter with police. *See Malhi*, 336 F.3d at 992–93. Moreover, substantial evidence supports the adverse credibility finding based on Singh's failure to identify himself. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir. 1999); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity . . ."). Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi*, 336 F.3d at 993.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Singh's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

■ Singh waived his CAT claim because it was not properly argued in his brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

